WILLIS A. WILCOX v. M. T. LEACH.

(Decided November 1, 1898.)

*Tax Sales—Assignee—Revenue Act of 1895.*

1. Where the county becomes the purchaser of land sold for taxes under the Act of 1895, its interest is that of a mortgagee, and it must proceed to collect only by foreclosure—and an assignee of the county can only proceed in the same way.

2. An individual purchaser, or his assignee may proceed by foreclosure, or demand a fee simple deed from the sheriff or tax collector after the time of redemption is past.

3. Notwithstanding the conclusive presumptions enumerated in the Statute in support of the tax title, it is permissible to show in evidence that the plaintiff was the assignee of the county of the certificate executed by the tax collector to the county.

CIVIL ACTION to recover land, tried before *Norwood, J.*, at May Term, 1898, of the Superior Court of HALIFAX County.

The plaintiff read in evidence a deed, of which the following is a copy:

STATE OF NORTH CAROLINA, }
        Halifax County.        }

Whereas, at a sale of real estate for the non-payment of taxes, made in the county aforesaid, on the 4th day of May, A. D. 1896, the following described real estate was sold, to-wit, (describing it).

And whereas, the same not having been redeemed from such sale, and it appearing that the holder of the certificate of purchase of said real estate has complied with the laws of North Carolina necessary to entitle him to a deed of said real estate. Now, therefore, know ye, that we, W. W. Rosser, former tax collector for Brinkleyville township, Halifax county, North Carolina,

who made said sale, and J. H. Norman, the present tax collector for said township and county, and the successor in office of said Rosser, in consideration of the premises, and by virtue of the statutes of North Carolina in such cases provided, do hereby grant and convey unto Willis A. Wilcox, his heirs and assigns forever, the said real estate hereinbefore described, subject, however, to any redemption provided by law.

Given under our hands and seals this 5th day of May, *Anno Domini* 1897.

W. W. ROSSER, [SEAL]
*Former Tax Collector.*
J. H. NORMAN, [SEAL]
*Tax Collector.*

It appeared in evidence that the land had been bid in for the county—the sale certificate was made to the county and assigned to the plaintiff. The Court instructed the jury, that upon the evidence the plaintiff was entitled to recover.

The defendant excepted.

Verdict and judgment for the plaintiff, and the defendant appealed.

*Messrs. Thomas N. Hill* and *W. A. Dunn*, for defendant (appellant).

*Messrs. R. O. Burton* and *E. L. Travis*, for plaintiff.

MONTGOMERY, J : This case differs in one material respect from the other cases which have been before this Court involving the title to land sold for taxes since the Act of 1887 and those subsequent on that subject. In his complaint the plaintiff simply makes the general allegation that he is the owner of the land and entitled to its possession, without setting out specifically the

sources of his title.    The defendant in his answer sets up
various defences, legal and equitable, most, if not all, of
which have been already frequently passed upon by this
Court adversely to the defendant, from *Earp* v. *Sanders*
to *Peebles* v. *Taylor*.    The plaintiff in this action intro-
duced the tax deed executed by the tax collector to the
plaintiff and also evidence going to show the alleged au-
thority of the maker to execute it, and also evidence of
the sale of the certificate which the tax collector had
issued to the county, to the plaintiff by the county au-
thorities.    The defendant introduced evidence of a simi-
lar character.    It is stated in the record that "the plain-
tiff in apt time objected to the admission of any evi-
dence for the defendant or the consideration of any de-
fence set up by him, on the ground that he had not
brought himself within the provisions of Section 66,
Chapter 119 of the Laws of 1895, in that he failed to
show that all taxes due upon the land in controversy
have been paid by him or those under whom he claims.
The plaintiff did not waive any of the presumptions and
conclusions arising from his tax deed, under Chapter
119, Laws 1895, and other laws of this State, but
claimed and asserted them in apt time."

The Court, after refusing to give each and all of the
special instructions prayed by the defendant, told the
jury that upon the evidence the plaintiff was entitled to
recover and to respond "yes" to the issue "Is the plain-
tiff the owner of the land described in the complaint?"
That instruction was given doubtless because of the
opinion of his Honor that the defendant had not put
himself in position under Section 66, Chapter 119 of the
Acts of 1895 to defeat the title of the plaintiff.    The de-
fendant had made no effort to rebut the presumptions
of the law set out in Section 66 of the Revenue Act, and

that section made conclusive the following facts: 1.
"That the manner in which the listing, assessment,
levy and sale were conducted was in all respects as the
law directed.   2. That the grantee named in the deed
was the purchaser or his assignee.   3. That all the pre-
requisites of the law were complied with by all the of-
ficers who had or whose duty it was to have had any
part or action in any transaction relating to or effecting
the title conveyed or purporting to be conveyed by the
deed, from the listing and the valuation of the property
up to the execution of the deed, both inclusive, and
that all things whatsoever required by law to make a
good and valid sale and to vest the title in the purchaser
were done, except in regard to the points named in this
section wherein the deed shall be presumptive evidence
only."    But the plaintiff showed in his evidence, and.
so did likewise the defendant (which we think they both
had a right to prove) that the plaintiff was the *assignee*
of the county of the certificate executed by the tax col-
lector to the county.    While, as we have said, the
grantee named in the tax deed is deemed conclusively
to be the purchaser or his assignee, yet we think that
under the act it clearly was permissible on the part of
the plaintiff, or defendant, to show that the grantee
was the assignee of the purchaser, although the deed
did not set forth the assignment.    So that notwith-
standing the defendant was, by the presumptions in
Section 66 because he did not attempt to rebut them and
by the conclusions in that section, prevented from try-
ing to defeat the plaintiff's title, yet as he showed that
the plaintiff was the assignee of the county (the pur-
chaser), it is clear that the right and the title of the
plaintiff under the deed must be exactly the title and
interest which the purchaser (the county of Halifax)

had in the land under the tax collector's certificate of purchase. The assignee, the plaintiff, could have no greater interest or higher title in the land than his assignor, the county of Halifax, had.

This being so, it follows that the plaintiff could have only such interest and title against the defendant in and to the land as he made out in the trial.

What title and interest, then, did the county, the assignor of the plaintiff and the purchaser at the sale, have in the land? The answer is, only that of a *mortgagee.* Under Section 90 of Chapter 119 of the Acts of 1895, the only right conferred upon the county in lands sold for taxes when purchased by the county is to foreclose the liens or certificates by proper proceedings in the courts "in all respects, as far as practicable, and in the same manner and with like effect as though the same were a mortgage executed by the owners of such real estate to the owner and holder of such certificates and liens for the amount therein expressed, together with such subsequent and prior taxes due thereon." A county under such circumstances can acquire no fee simple interest in such lands until they are purchased by the county at the foreclosure sale, as is especially provided in Section 90 of the last mentioned act. And to strengthen this position, if any support were needed, Section 91 of the same Revenue Act gives to the assignee of a certificate of sale, originally issued to a county, the right to foreclose in the same manner and with like effect as in a case where such county commissioners may proceed to foreclose.

It is clear from a careful reading of the statute of 1895 on this question that a county which is the purchaser of land sold for taxes must proceed to collect only by foreclosure, and that an assignee of the county

WILCOX *v.* CHERRY.

must proceed in the same way only; while an individual purchaser or his assignee may proceed by foreclosure or demand a fee simple deed from the sheriff or tax collector after the time of redemption has past.

Our conclusion, then, is that the instruction of his Honor was erroneous, and that he should upon the whole evidence have instructed the jury to respond to the issue "No."                                Error.