FELCH et al. v. TRAVIS et al.

(Circuit Court, E. D. North Carolina. March 2, 1899.)

1. UNITED STATES CIRCUIT COURTS—JURISDICTION.
    A United States circuit court has jurisdiction of a suit between citizens of different states to set aside a tax title to land exceeding $2,000 in value, located within the district.

2. TAX DEED—VALIDITY.
    A tax deed executed by a special township tax collector is void where no such office existed under the laws of the state at the time of his appointment.

3. TAX SALE—CERTIFICATE—OPERATION—FORECLOSURE.
    Where a county purchases land at a tax sale, as authorized by Laws N. C. 1895, c. 119, § 90, it only acquires the right to foreclose the certificate by proceedings similar to the foreclosure of a mortgage, and acquires no title thereunder to the land.

4. SAME—RIGHTS OF ASSIGNEE.
    An assignee of a tax certificate of sale issued to a county acquires no greater right to the land sold than the county had, and can acquire title thereto only by foreclosure of the certificate, as provided by Laws N. C. 1895, c. 119, § 90.

In Equity.

The court finds the following facts from the pleadings, depositions, and admissions of parties:

That the plaintiffs are residents and citizens of Massachusetts, and defendants are residents and citizens of North Carolina. That the matter in dispute in this action, exclusive of interest and costs, exceeds the sum of $2,000. That on the 13th day of March, 1889, one W. B. Martin, as trustee, conveyed by deed duly executed and delivered to one J. W. Old, a citizen of Norfolk, Va., in fee, in consideration of $6,000, the land in Brinkleyville township, Halifax county, N. C., described in the bill, which deed was duly proved and recorded in 1889. Said Old entered into possession of said land on the execution of the deed aforesaid. On the 11th day of May, 1892, said J. W. Old and wife, to secure a debt of $5,000 due Felch Bros., executed a deed of trust to William N. Portlock, of Norfolk, Va., for the land in controversy, with a waiver of the homestead exemptions and a power of sale. That plaintiffs became the owners in fee of said land on May 9, 1895, by virtue of

a sale under the deed of trust aforesaid, the payment of $2,500 cash, and a deed executed to them by the trustee, which was duly proved and recorded October, 22, 1895, and complainants took possession of said land on May 9, 1895, by their tenants, and have held such possession since. That in 1894 the said land was listed in Halifax county, N. C., for state and county purposes, by a list taker duly appointed by the board of commissioners of said county in the name of said J. W. Old at a tax valuation of $2,500, and taxes imposed on it were $15.83, of which $10.33 was for state purposes and $5.50 was for county purposes; and was exposed for sale on 6th day of May, 1895, by W. W. Rosser, then tax collector for said township, and was purchased by the county commissioners, for the use of said county, at the price of $16.53, the same being the amount of said tax and expense of sale. On the 26th day of April, 1897, a deed purporting to convey said land to Jennie G. Travis, defendant, signed by W. W. Rosser, "former tax collector," and J. A. Norman, "collector," setting forth the listing, as aforesaid, in 1894, by J. W. Old, nonpayment of the taxes, failure to redeem, sale, and that the holder of the certificate of purchase of said real estate had complied with the laws of North Carolina necessary to entitle him [her] to a deed for the said real estate. Said deed was executed in the prescribed form, proved, and recorded April 30, 1897. At the November session, 1893, of the board of commissioners of Halifax county, W. W. Rosser was appointed tax collector for Brinkleyville township for a term of one year, and at October session, 1894, of said board, said Rosser was reappointed for a like term. At October session, 1895 (October 7th), of said board, said Rosser was appointed and acted as tax collector as aforesaid for a term of one year, but at the expiration of the last term J. II. Norman was appointed such tax collector (October 6, 1896). No notice of the tax sale was given to complainants, J. W. Old, or W. N. Portlock prior to such sale or after such sale, except that about six months after the sale E. L. Travis, as attorney for the board of commissioners, wrote a letter to J. W. Old, stating that the land had been sold for taxes, and purchased by the county, the amount of tax due, when the time for redemption would expire, and mailed the same directed to Old at Norfolk, Va. Said Travis did not know that Portlock or the complainants had any interest in said land, but thought said Old was the sole owner thereof, he having never examined the record as to the title. He also believed Norfolk, Va., to be the place of residence of said Old. Said letter was never received by said Old. On May 8, 1895, when W. N. Portlock sold said land to complainants, O. H. Felch, in company with another, went to the office of the register of deeds and clerk of the superior court of Halifax county, and inquired of those officers if there was any defect in the title to said land, and was told there was none. Complainants had no knowledge of the alleged tax sale until July or August, 1897. In June, 1895, and June, 1896,—the time fixed by law for listing property for taxes,—the said land was entered on the tax lists in the name of complainants by the list takers duly appointed, and the taxes for each of those years were paid by them; those for 1895 to W. W. Rosser, tax collector, on the 6th of January, 1896, and those for 1896 to J. II. Norman, tax collector, on June 5, 1896. The taxes for every year prior to 1894 were duly paid, and on August 11, 1897, complainants tendered defendant Jennie G. Travis the taxes, costs, interest, and penalty, which she was entitled to demand under the statute, which tender was refused. E. L. Travis is the husband of the defendant Jennie G. Travis, and has acted as her agent and attorney in all transactions in connection with said land. The land was listed for taxes in 1894, and the taxes for the year 1894 were not paid. Said land was sold for such taxes on the 6th day of May, 1895, and purchased by the county of Halifax. The same was not redeemed within 12 months, "unless the court shall hold the payment of the taxes for 1895 and 1896 operated as a redemption pro tanto." There is no record of an order by the board of commissioners placing in the hands of E. L. Travis, as attorney for said board, the certificates of tax sales of land bid in by the county, and directing him, in all cases when he could not procure the taxes either by sale of the certificates or collection from the parties, to bring action in the name of the county for the recovery of the land. On April 7, 1894, L. Vinson, W. W. Rosser, and W. P. Sledge were appointed assessors for Brinkleyville town-

ship by the board of commissioners of Halifax county. The board of county commissioners of Halifax county met on the 4th day of March, 1895, was in session but one day, and there is no record of any other meeting of said board until the first Monday in April, 1895. The April session was held on the 1st day of said month, and there was no other session during the month. No one was appointed tax collector for Brinkleyville township at the April session of the board.

Thos. N. Hill, for complainants.
Robert O. Burton, for defendants.

PURNELL, District Judge (after stating the facts as above). The facts disclose violations of several fundamental principles which would seriously affect defendants' standing in a court of equity were the positions of the parties reversed. What effect should be given these in the present status it is unnecessary to discuss or decide, especially since, with that delicacy sometimes marked in the legal profession, they were studiously avoided in the case as presented and the argument. It is only deemed necessary to incidentally mention the circumstance that it may not be supposed the court is inadvertent thereto. Without discussing either question, it is held this court has jurisdiction. Complainants are in possession under apparent title in fee, and have no adequate legal remedy in the premises. The first question discussed by counsel was the legality and authority of Rosser, as special township collector in 1894. At that time there seems to have been no such officer known to the laws of North Carolina for Halifax county, but the appointment was ratified, and attempted to be validated by the legislature of 1895, two years after. Such matters must be determined according to the decisions of the courts of the state, and the supreme court of the state in State v. Meares, 116 N. C. 582, 21 S. E. 973, is decisive of this question. The election or appointment to an office which does not exist is void, and confers no authority. If the appointment of Rosser was void, he had no authority to make the sale or execute the deed; both are null. But, waiving this point,—admitting, for the purpose of discussion, that the appointment and acts of Rosser were made valid by the act of 1895,— what title did the deed executed by him as "ex-collector" and his successor, the then collector for the township, confer? This is the real question involved, and sought to have decided. Was that according to the laws of North Carolina? for this is a matter which must be determined under these laws. It is common knowledge that tax deeds for land have never been favored by the courts of North Carolina, a state whose people have always been honored for their fair dealing and honesty; and very few such deeds have availed the grasping purchasers when the courts were permitted to pass upon supposed title thus acquired. The legislature of 1893, by chapter 296, Laws N. C., undertook to remedy this, and cure what seems to have been regarded as an evil to the executive branch of the state government in collecting revenue, possibly to enterprising speculators who attend tax sales, and to spur up landowners who were delinquent in paying taxes. It is interesting, but not necessary to decide the constitutionality of the drastic provisions of the act of 1893, the provisions as to presumptive evidence and conclusive evidence discussed in the briefs, when

an attendant speculator purchases at a sale for taxes. At the sale set out and under consideration the land was bid off by or for the county, as provided in the act, and it is the effect of such sale,—the interest or lien or title acquired by the assignee of the county as a purchaser at such sale,—that in this case must be decided. This being local state law,—a matter peculiarly within the province of the state legislature under the constitution,—is one of those cases or class of cases in which the courts of the United States adopt the construction and decision of the highest court of the state.

At the October term, 1898, in Wilcox v. Leach, 123 N. C. 74, 31 S. E. 374, this question was before the supreme court of North Carolina,—a purchase by or for the county, a subsequent transfer of the certificate and deed, just as in the case at bar. That court held the party to whom a certificate is transferred could acquire no greater interest or higher title in the land than his assignor (the county of Halifax, as in this case) had; that the county had only such title as a mortgagee has. The only right, under section 90, c. 119, Laws N. C. 1895, conferred on the county in lands sold for taxes, when purchased by the county, is to foreclose the liens or certificate by proper proceedings in the court "in all respects as far as practicable, and in the same manner and with like effect as though the same were a mortgage executed by the owners of such real estate to the owner and holder of such certificate or liens for the amount therein expressed," etc. "A county, under such circumstances, can acquire no fee-simple interest." The defendants' counsel is confident this holding will be reversed, but such confidence cannot control the court at this time, especially as the decision of the court in the case cited has not, as appears, been attacked, and the holding in other cases is to the same effect. The law seems to be so written, both in the decision of the supreme court and in the statute law of the state. This court adopts the decisions of the state supreme court, and holds the defendant Jennie G. Travis acquired no fee-simple interest or title in or to the land described in the bill, and only such interest or lien as the county of Halifax might have claimed under the sale and the certificate, had all the proceedings been regular, and according to law; that, a tender having been made and refused of the amount paid by the said Jennie G. Travis, she is estopped from claiming any interest subsequent to such tender, and the land described in the bill is only liable for the taxes thereon for the year 1894, that of preceding and subsequent years having been regularly paid. A decree will be drawn and entered in accordance with this opinion, granting the prayers of the complainants' bill. It is so ordered by the court.