F. WHITMAN v. HENRY L. DICKEY.

(Decided May 9, 1899).

*Tax Sales—Certificates—Titles—Act 1895, Ch. 119, Section 90.*

The holder of a certificate of sale of land for taxes, assigned to him by the County, the purchaser, acquires the County's interest, which is that of mortgagee, and must foreclose to complete his title. *Wilcox* v. *Leach*, 123 N. C., 74.

CONTROVERSY without action, relating to tax title to land, submitted under Section 567 of The Code upon statement of fact agreed, to *Starbuck, J.,* at Chambers at Hendersonville, December 1, 1898. The case comes from Rutherford County, where the land, in controversy, is situated.

The facts agreed are stated in the opinion. His Honor adjudged the plaintiff to be owner of the land and entitled to possession.

Defendant excepted and appealed.

*Messrs. R. S. Eaves, B. A. Justice* and *J. C. L. Harris,* for defendant (appellant).

*Messrs. M. H. Justice; Burwell, Walker & Cansler,* and *Shepherd & Busbee,* for plaintiff.

MONTGOMERY, J., delivers the opinion of the Court.

CLARK, J., dissented.

MONTGOMERY, J.   This a controversy submitted without action under Section 567 of The Code. The facts agreed upon are as follows:   At the time for listing the taxes for the year 1896 the defendant was the owner of the tract of land

described in the complaint and listed the same for taxation. The defendant made default in the payment of taxes and George Bickerstaff, a tax collector for the County of Rutherford, where the land is situated, sold the same for the taxes due, after proper advertisement, when the Commissioners of the County purchased it and received a certificate of sale from the tax collector. Afterwards the County Commissioners assigned the certificate to the plaintiff. The tax collector executed to the plaintiff a deed to the land in pursuance of the sale and under the certificate, after the time of redemption had passed.

The plaintiff contends that the tax collector's deed conveys to him a good title. The defendant contends that the plaintiff's deed from the tax collector is of no force. Upon the facts the Court was of opinion that the plaintiff's deed to the land from the tax collector was good, and that the plaintiff was entitled to the possession of the land, and gave judgment accordingly.

For the reasons given in *Wilcox v. Leach,* 123 N. C., 74, we are of the opinion that his Honor was in error, and that the plaintiff is not entitled to recover.

But we are of the opinion, however, that as it does not appear from the facts agreed that the defendant has offered to pay to the plaintiff the amount of the tax, interest and penalty, the defendant should be allowed a reasonable time within which to pay the same; and in default of such payment the plaintiff should be allowed in this action to proceed to foreclose the lien which he obtained by the purchase of the certificate from the County; and the plaintiff ought to be allowed his costs of action in the Court below but not his costs of appeal.

Error.

CLARK, J., dissented.