JOHN A. COLLINS and wife, MARY W. COLLINS, v. BETTIE J. BRYAN, HUGH B. BRYAN and S. G. WHITFIELD.

(Decided May 9, 1899).

*Tax Sales—Certificates—Titles—Act 1895, Ch. 119, Section 90.*

The assignee of certificate of sale of land for taxes made to the County, acquires right of mortgagee, and must foreclose to complete his title. *Wilcox* v. *Leach*, 123 N. C., 74.

CIVIL ACTION for recovery of real estate, tried before *Norwood, J.,* at May Term, 1898, of the Superior Court of HALIFAX County.

The land in controversy had been sold for taxes, and plaintiffs claimed as assignees of the tax collector's certificates of sale, given to the County, and deeds pursuant thereto.

The defendants claimed to be the owners of the land, which had been sold for taxes, and among other instructions prayed for the following special instructions:

"That as purchaser of said lands the County of Halifax was not entitled to a deed therefor, but was only entitled to foreclose the certificates of sales, as in case of mortgage; that the plaintiffs as assignees of the County acquired no greater rights, and were not entitled to deeds for said lands."

His Honor refused to give this instruction and defendant excepted.

Verdict and judgment for plaintiffs. Appeal by defendants.

*Messrs. Gilliam & Gilliam,* for defendants (appellant).
*Messrs. MacRae, Day & Bell* and *E. L. Travis,* for plaintiffs.

MONTGOMERY, J., delivers the opinion of the Court.
CLARK, J., dissented.

MONTGOMERY, J. This action was brought to recover the possession of the lands described in the complaint. The lands were sold by a tax collector of Halifax County in 1896 for taxes due upon the same. They were bid off at the sale for the County of Halifax, and certificates of the sale were afterwards issued by the tax collector to the County. The certificates of sale were assigned by the Board of Commissioners of the County to John A. Collins and by him assigned to his wife, Mary W. Collins, the plaintiff in this action.

Afterwards, on the 11th day of March, 1897, redemption not having been made by the owners of the lands, the tax

collector made a deed in fee simple, conveying the same to the plaintiff, Mary W. Collins. Under this deed the plaintiffs claim title to the land.

The defendant requested the Court to instruct the jury "That as purchaser of said lands the County of Halifax was not entitled to a deed therefor, but was only entitled to foreclose the certificates of sale as in case of mortgage; that the plaintiffs as assignees of the County acquired no greater rights, and were not entitled to deeds for said lands." His Honor refused to give the instruction, and told the jury to answer the issue "Yes."

The instruction ought to have been given. We will not enter upon a discussion of the matter here, but simply make reference to the case of *Wilcox v. Leach,* 123 N. C., 74, for the reasoning upon which this case is decided.

But we are of the opinion, however, that as it does not appear from the pleadings that the defendants have offered to pay to the plaintiffs the amount of the tax, interest and penalty, the defendants should be allowed a reasonable time within which to pay the same; and in default of such payment the plaintiff should be allowed in this action to proceed to foreclose the lien which he obtained by the purchase of the certificate from the County; and the plaintiff ought to be allowed their costs of action in the Court below, but not their costs of appeal. There was error in the matter pointed out for which there must be a new trial.

CLARK, J., dissented.