C. J. HUSS v. T. L. CRAIG and T. W. WILSON.

(Decided May 9, 1899).

*"Tax Sales"—Certificates—Titles—Act 1895, Ch. 119, Section 90.*

Where land is sold for taxes and the County buys and takes the Sheriff's certificate, the interest acquired is that of mortgagee, and the assignee of such certificate acquires the same interest and although receiving the Sheriff's deed, after time of redemption, in order to complete his title, must resort to foreclosure. *Wilcox* v. *Leach*, 123 N. C., 74.

CONTROVERSY without action, relating to tax title to land, submitted, upon agreed statement of facts, to *Coble, J.,* at Chambers, in Gaston County, April 15, 1899.

The facts agreed are stated in the opinion. His Honor gave judgment that the plaintiff is the owner in fee of the land in controversy and entitled to the possession of the same. Defendants except and appeal.

*Mr. R. L. Durham* for defendants (appellant).
*Messrs. Todd & Pell* and *Argo & Snow, contra.*

MONTGOMERY, J., delivers the opinion of the Court.
CLARK, J., dissented.

MONTGOMERY, J.   This is a controversy submitted without action under Section 567 of The Code.   The following is the statement of facts agreed:   Prior to the year 1895 the defendants, T. L. Craig and T. W. Wilson, were tenants in common in fee of the tract of land described in the complaint, and on the 3rd day of December, 1895, they contracted to convey the same to George Glenn and put him in

possession.    The land was listed for taxes for the year 1896 in the name of Glcnn, and the taxes assessed thereon amounted to $2.40.    Default having been made in the payment of the taxes, the land was sold for the same by the sheriff of Gaston County, and bid in by the Commissioners of the County.    The sheriff issued a certificate of sale to the Commissioners, in which it was recited "that unless redemption was made of said estate in the manner provided by law, the said County Commissioners of Gaston County, heirs or assigns, will be entitled to a deed therefor on and after the 3rd day of May A. D. 1898, on surrender of this certificate."    Afterwards the certificate was assigned to the plaintiff.

After the expiration of the period of redemption, and the owner not having paid the taxes, the plaintiff presented and surrcndcred the certificate to the Sheriff, and demanded and obtained a deed to the land from him, according to the provisions of the statute.    Under this deed the plaintiff claims the land in controversy.

The plaintiff contends that his tax deed conveys a good title to the land in fee.    The defendants contend that the plaintiff's deed is void.    His Honor was of opinion upon the facts that the sheriff's deed conveyed the title to the land and that the plaintiff was entitled to possession thereof, and gave judgment accordingly.    For the reasons set out in *Wilcox v. Leach,* 123 N. C., 74, we are of opinion that his Honor was in error and that the plaintiff was not entitled to recover.

But we are of opinion, however, that as it does not appear from the facts agreed that the defendants have offered to pay to the plaintiffs the amount of the tax, interest and penalty, the defendant should be allowed a reasonable time within which to pay the same; and in default of such payment the plaintiff should be allowed in this action to proceed to foreclose the lien which he obtained by the purchase of the

certificate from the County; and the plaintiff ought to be allowed his costs of action in the Court below but not his costs of appeal.

Error.

CLARK, J., dissented.