JAMES F. KERNER, Administrator, *et al.* v. BOSTON COTTAGE CO., *et al.*

(Decided April 10, 1900.)

*Tax Title—Land Bid in for County—Certificate Sold—Sheriff's Deed—Mortgage.*

1. Where land is sold for the taxes and bid in for the county, the county becomes mortgagee, and must collect by foreclosure.

2. If the certificate is transferred to a purchaser he becomes entitled to the mortgage, and the sheriff's deed enables him to collect by foreclosure.

BRANCH of same case, *Kerner v. Cottage Co.*, reported in 123 N. C., 294, tried before *Shaw, J.,* at November Term, 1899, of Forsyth Superior Court.

The land had been sold by a receiver heretofore appointed in the cause, but the purchaser declined to pay his bid, because of an outstanding tax title in one William Palmer. It turns out that Palmer was not an original purchaser at the tax sale; that the land was bid in for the county, and that Palmer became assignee of the certificate, and obtained the sheriff's deed.

His Honor provided in the judgment, that the amount paid by Palmer, as taxes, costs, and interest due on the land at the time of the sale and purchase, be declared a lien, and as the amount had been deposited with the Clerk the lien for taxes was discharged.

Defendant Palmer excepted, and appealed.

*Messrs. Watson, Buxton & Watson,* for appellant.

*Messrs. Jones & Patterson, Glenn & Manly,* and *A. H. Eller,* for appellees.

MONTGOMERY, J.  Some time in 1894 an action was commenced by Kerner, administrator, against the defendants and others, for the recovery of a debt against the defendants, for the appointment of a receiver, and for a sale of the lands of the defendant to pay its debts.  The receiver sold the lands to A. H. Eller, who declined to pay for the same, alleging that William Palmer was claiming the lands under a tax title.

Upon motion in the cause an action was docketed and complaint and answer filed, the object of which was to have the cloud produced by Palmer's tax deed removed from the title.  An issue was submitted to the jury, "Had the Boston Cottage Company paid all taxes due on the property in dispute before the sale thereof in May, 1895?"  It seems that the taxes were paid by Eller by his promissory note given to the sheriff for the amount.  His Honor instructed the jury that "if the sheriff accepted Mr. Eller's note in settlement of taxes for the year 1894, that this was payment."  The defendant Palmer excepted, and appealed to this Court.  This Court held the instruction of his Honor to be erroneous, and ordered a new trial.  *Kerner v. Cottage Co.,* 123 N. C., 294. The plaintiff Herndon, receiver, amended his complaint, in that he alleged that the lands were bid off by the Board of Commissioners of the county of Forsyth, for the taxes due on the lands at the time of the sale, and that thereafter the certificate of purchase given by the sheriff to the Board of Commissioners was transferred and assigned to the defendant William Palmer for value.  In the original complaint it did not appear that Palmer was not the purchaser at the tax sale, but a purchaser of the certificate from the Board of Commissioners.  Upon issues submitted there was evidence introduced, and his Honor instructed the jury that, if they believed the evidence, they should respond "Yes" to all except

the 7th, and he himself answered the 7th, "Yes." The 7th was: "Is the deed from the said McArthur, sheriff, to the said William Palmer, inoperative and void?" That was an erroneous answer to the 7th issue, for in *Wilcox v. Leach,* 123 N. C., 74, it was held that when the Board of Commissioners of a county purchase land at a sale for taxes they become mortgagees, and they must proceed to collect only by foreclosure, and an assignee of the county can only proceed in the same way. The deed from the sheriff to Palmer, therefore, was valid as a mortgage. But his Honor cured the error by providing in the judgment that the amount paid by Palmer as the taxes, costs and interest due on the lands at the time of the sale and purchase, be declared a lien on the lands. The judgment further declared that as the plaintiff had deposited with the Clerk a sufficient amount for that purpose for Palmer, the lien for taxes upon the land was discharged, and the deed from the sheriff to Palmer invalid as conveying any interest in the lands, and the lands freed from any incumbrance, right or claim, by reason of said deed.

Affirmed.