JOHN F. McNAIR and D. L. GORE v. T. F. BOYD.

(Filed 12 November, 1913.)

1. **Deeds and Conveyances—Tax Deeds—Notice—Affidavits—Interpretation of Statutes—Evidence—Registration.**

    It is necessary to the validity of a tax deed for lands sold for taxes in 1897, and at the present time, that the purchaser at such sale serve notice upon the owner of the land and the parties in possession, and make affidavit that such notice as required by the statute had been fully complied with; and in an action involving title to the lands, that affidavit must have been registered and put in evidence, together with the deed, in order to vest title in the purchaser.

2. **Deeds and Conveyances—Tax Deeds—Purchaser—Equity—Foreclosure.**

    Where lands in 1897 were sold for taxes, and bid in by the county, the county did not become the absolute purchaser, but acquired only the right to foreclose the certificate of purchase or foreclose the deed if such had been made, instead of issuing the certificate, and its assignee could acquire no superior right. Hence, such assignee acquired at most the assignment of an equity under which to institute proceedings for foreclosure. It is otherwise under the provisions of the present law, Revisal, 2905.

3. **Deeds and Conveyances—Tax Deeds—Actions—Tender of Taxes—Sheriff's Deed—Execution After Expiration of Term.**

    In this case to remove a tax deed as a cloud upon the plaintiff's title, the plaintiff properly tendered the amount of taxes due on the lands, and it is held that the sheriff could have executed a valid deed after the expiration of his term of office. Revisal, sec. 950.

4. Deeds and Conveyances—Tax Deeds—Cloud Upon Title—Possession—Limitation of Actions.

Where the plaintiff, in his action to remove a tax deed as a cloud upon his title, is and has been in possession of the lands, the statute of limitations cannot avail as a defense.

5. Trials—Tax Deeds—Verdict, Directing—Presumptions.

Where a tax deed is sought to be set aside for noncompliance with the prerequisites of the statute as to giving notice to the owner and parties in possession before the execution of the sheriff's deed (Revisal, 2884), and it appears from the uncontradicted evidence that the vendee had not thus acquired the right to it, the recitals in the deed are neither conclusive nor presumptive, and it is not error for the judge to instruct the jury to find the issue for the plaintiff, should they find the facts to be as testified.

6. Deeds and Conveyances—Invalid Tax Deeds—Decree.

Where in an action to set aside a tax deed the issue has been found in the plaintiff's favor, a decree of cancellation upon the payment by the plaintiff of the taxes due to the defendant with the statutory interest, should be made.

APPEAL by defendant from *Bragaw, J.,* at April Term, 1913, of RICHMOND.

*Russell & Weatherspoon and U. L. Spence for plaintiffs.*
*John P. Cameron for defendant.*

CLARK, C. J.   This is an action to remove a cloud from title by canceling and setting aside the deed executed by J. M. Smith, sheriff of Richmond, to W. K. Strickland, 19 January, 1900, in pursuance of a sale of land therein described, for taxes.   The lands in controversy were listed for taxation by Peter L. Pate in 1897 and were sold by J. M. Smith, sheriff of Richmond, on 4 July, 1898, to satisfy unpaid taxes thereon; no purchaser bid for the lands, which were thereupon bought in by the county. Thereafter W. K. Strickland purchased the certificate of sale from the county, and the sheriff thereupon executed a deed to him.   The plaintiff introduced deeds showing that Peter L. Pate owned the land at the time the lands were listed for 1897, and indeed showing a complete paper title back to a grant from the State, unless the same was divested by the tax deed referred to.   It was also in proof that the plaintiff D. L. Gore has since succeeded to the title of Pate.

McNAIR *v.* BOYD.

The statute authorizing the sale of land for taxes for the year 1897 and the execution of a deed therefor required, as now, the purchaser at such sale to serve notices upon the owner of the land and the parties in possession and make affidavit that such notice and acts required by the statute had been complied with before he was entitled to a deed, and such affidavit must be registered and given in evidence along with the tax deed in order to vest title in such purchaser. No affidavit was made in this case, and the tax deed was therefore invalid. *Mathews v. Fry,* 141 N. C., 582; *King v. Cooper,* 128 N. C., 347.

The statute in force at the time this tax sale was made and the deed executed did not permit a county to become the absolute purchaser of land at a tax sale. But the county could only foreclose the certificate of purchase or foreclose the deed if such deed had been made, instead of issuing a certificate, and the assignee of such county is in no better state than the county. Hence the deed from Smith to Strickland was not a conveyance of the land, but at most the assignment of an equity under which to institute proceedings for foreclosure, which was not done. *Wilcox v. Leach,* 123 N. C., 74; *Collins v. Bryan,* 124 N. C., 738; *Whitman v. Dickey, ib.,* 741; *Collins v. Pettitt, ib.,* 726; *Huss v. Craig, ib.,* 743; *Kerner v. Cottage Co.,* 126 N. C., 356; *Smith v. Smith,* 150 N. C., 84.

In *Collins v. Pettitt,* 124 N. C., 727, there was a dissenting opinion on this last point, and the next Legislature amended the statute (Laws 1901, ch. 558, sec. 18) by requiring the sheriff to execute a deed to the county or its assignee, without foreclosure. This section is now Revisal, 2905. But this sale took place under the statute in force prior to that time.

The plaintiffs tendered the amount of taxes due on the lands before suit brought. *Moore v. Byrd,* 118 N. C., 688; *McMillan v. Hogan,* 129 N. C., 314. The deed could, however, be executed by the sheriff after his term expired.

The statute of limitations cannot avail the defendant, since the action is brought to cancel the tax deed in order to remove a cloud from the title of the plaintiffs, who are in possession. *Cauley v. Sutton,* 150 N. C., 330; *Beck v. Merony,* 135 N. C., 532

There was no evidence contradictory to the facts above re-
cited, and the court therefore properly charged the jury that
if they believed the evidence they should answer the issues as
set out in the record, which are in favor of the plaintiffs. The
recitals in the tax deed are evidence, either conclusive or pre-
sumptive, under the terms of the statute. But this does not
apply when the tax deed itself is attacked for noncompliance
with the prerequisites as to giving notice to the owner and par-
ties in possession before the execution of the deed by the sheriff
(Revisal, 2884), and when the evidence is uncontradicted that
the lands were bought in by the county and assigned to Strick-
land, who thereby acquired only an equity to foreclose, but not
the right to a deed from the sheriff, under the law then in force.

The decree therefore properly adjudged upon the issues found
that the deed from Smith to Strickland should be canceled upon
payment by the plaintiff to the defendant of the taxes due on
the land on 6 June, 1898, with 20 per cent per annum interest
thereon in accordance with the statute.

No error.