### UNITED LUMBER COMPANY v. H. B. PEARCE.

(Filed 7 October, 1914.)

**1. Tax Deeds—Recitations—Interpretation—"Color" of Title.**

> It is unnecessary that a tax deed to lands made by the sheriff should recite in specific words that the lands were sold for taxes to constitute color of title for the purchaser in possession, when it is perfectly apparent from its context and easily inferred from language used that the lands were thus sold; and it is held to be sufficient that the deed describes the lands, recites the date of sale, that it had not been redeemed, and that the holder of the certificate of purchase has complied with the laws of the State necessary to entitle him to a deed for the lands.

**2. Tax Deeds—Descriptions—Identification—Parol Evidence.**

> A sheriff's deed to land sold for taxes recites: "The following described real estate was sold, towit, a tract of 166 acres of land lying in S. Township, adjoining J. W. V., deceased, J. R., and others, being a part of the lands belonging to the estate of W. J. B., deceased." *Held*, the description was sufficiently definite to admit of parol evidence of identification of the lands; and further, it was also competent to show by parol whether J. J. B. and W. J. B. are identical.

**3. Equity—Cloud Upon Title—Tax Deeds—"Color" of Title—Payment of Taxes—Burden of Proof.**

In an action brought to remove a tax deed as a cloud upon title to lands, the defendant as purchaser under such deed being in possession, it is necessary for the plaintiff to prove that the taxes upon the land for which it had been sold had been paid by him, as well as his own paper title.

APPEAL by defendant from *Peebles, J.,* at February Term, 1914, of JOHNSTON.

This is a civil action brought to declare a certain deed hereinafter set out void and as a cloud upon the plaintiff's title. Upon motion of the plaintiff, his Honor, upon the allegations contained in the pleadings, adjudged "that said sheriff's deed is void, but that it constitutes a cloud upon the plaintiff's title, and to this end this judgment is ordered to be recorded in the registry of Johnston County as a cancellation of said sheriff's deed." The deed referred to is as follows:

NORTH CAROLINA—Johnston County.

Whereas, at a sale of real estate made in the county aforesaid, on 5 May, 1902, the following described real estate was sold, to-wit: A tract of 166 acres of land lying in Selma Township, adjoining the lands of J. W. Vick (deceased), Jackson Raines, and others, being part of the lands belonging to the estate of W. J. Barrow, deceased; and whereas the same not having been redeemed from such sale, and it appearing that the holder of the certificate of purchase of said real estate has complied with the law of North Carolina necessary to entitle him to a deed for said real estate: Now, therefore, know ye that I, J. T. Ellington, sheriff of said county of Johnston, in consideration of the premises and by virtue of the statutes of North Carolina in such case provided, do hereby grant and convey unto H. B. Pearce, his heirs and assigns forever, the said real estate hereinbefore described, subject, however, to any redemption provided by law.

Given under my hand and seal, this 3 September, 1903.

                                        J. T. ELLINGTON,
                                              *Sheriff.* [SEAL]

The defendant appealed from the judgment rendered.

*L. H. Allred and F. H. Brooks for plaintiff.*
*J. D. Parker, Abell & Ward for defendant.*

BROWN, J. 1. It is admitted in the pleadings that J. J.
Barrow was the owner and seized in fee simple of the land in
controversy at the time it was sold for nonpayment of taxes.
Whether J. J. Barrow and W. J. Barrow are identical does not
appear, and it may be a matter open to explanation by parol
evidence.

It is further alleged in the answer that the defendant pur-
chased the lands at the sheriff's sale for taxes on 5 May, 1902,
and that the defendant has since been in actual possession of
the same continuously to the present time, claiming the same
under the said deed. His Honor held that the deed was not
color of title and that it was void on its face. In this ruling
we think the learned judge was in error. A tax deed regular
upon its face is color of title, when describing the land with
sufficient certainty. *Greenleaf v. Bartlett,* 146 N. C., 496.

Color of title, as has often been said, is that which purports
on its face to be a good title, but in fact is not. It is a writing
upon its face professing to pass title, but which does not do it,
either from want of title in the person making it or the defective
mode of conveyance that is used. It must not be plainly and ob-
viously defective, so much so that no man of ordinary capacity
should be misled by it. *Tate v. Southard,* 10 N. C., 119 ; *Smith
v. Proctor,* 139 N. C., 323.

The Supreme Court in the case of *Greenleaf v. Bartlett,
supra,* after citing *Neal v. Nelson,* 117 N. C., 393, approves this
language :

"These authorities, and many others which might be added,
show that the trend of judicial opinion is towards the reason-
able view that a purchaser that has paid the price for which he
bought, whether from a public officer at auction sale or from
an individual contractor, if he is in the occupation of the land
bought, holds it adversely to all the world under any writing
that describes the land and defines the nature of his claim."

The deed in question is not so obviously void on its face that
a person of ordinary intelligence would discern that it passed

no title. It is true that it fails to recite in specific words that the lands were sold for taxes, but that is perfectly apparent from its context and is easily inferred from the language used. It describes the land, recites the date of sale, that the same has not been redeemed, and that the holder of certificate of purchase has complied with the laws of the State necessary to entitle him to a deed for the land. These recitals indicate plainly that the lands were sold for the taxes and that the purpose of the deed by the sheriff is to convey the title to the purchaser.

2. It is contended that the description is not sufficiently definite and that, therefore, the deed is void. We think the description is amply sufficient to allow the introduction of parol evidence for the purpose of identifying the land. Many cases have been before the courts where it has been necessary to decide upon the sufficiency of a description contained in a written instrument to admit of extrinsic evidence to locate the land. They are too numerous to review. A very full discussion of the subject by the learned *Chief Justice Smith* is to be found in *Farmer v. Batts,* 83 N. C., 387. In that case the description in the paper-writing was, "93 acres, more or less, it being the interest in two shares adjoining the lands of James Barnes, Eli Robbins, and others." See, also, *Moore v. Fowle,* 139 N. C., 51, and cases cited.

3. The learned judge overlooked the statutory requirement, or else failed to give force and effect to it, that as a condition precedent to contesting the title carried by a sheriff's deed, the contestant must show that the taxes have been paid, as well as make out the *prima facie* title in himself. The latter requirement is fulfilled only when the plaintiff connects itself by proof with the title of J. J. Barrow, who, it is admitted, owned the land. When his Honor rendered judgment upon the pleadings and declared the defendant's tax deed void, he relieved the plaintiff of the necessity of proving that the taxes upon the land, for which it was sold, have been paid.

It is true that this Court has decided in *Beck v. Merony,* 135 N. C., 533, that in an action to set aside a tax deed as a cloud on title it is not necessary that the complaint allege that all the

taxes had been paid, but that case expressly decides that evidence of that fact must be introduced on the trial.

In *Moore v. Byrd,* 118 N. C., 688, it is said: "Since the statute makes the sheriff's tax deed *prima facie* evidence of title, the purchaser, as plaintiff in ejectment, is entitled to recover upon proof of the tax deed conveying the land, if the defendant introduced no evidence of his title and of his having paid the taxes for which the land was sold.

In *McMillan v. Hogan,* 129 N. C., 314, it is again held that, before successfully contesting a title under a tax deed, the contestant must prove that he has paid the taxes for which the land was sold. See, also, *McNair v. Boyd,* 163 N. C., 478.

For the reasons given, we think his Honor erred in rendering judgment upon the pleadings. The judgment is set aside and the cause remanded, to be proceeded with in accordance with this opinion.

Reversed.