Nash, C. J.
 

 The case On the part of the defendant, it is urged tain the promise on which tl that there is a condition precccDW*which plaintiff to prove, before he can maf leration to sus- and secondly, incumbent on the action.
 

 There was a sufficient consideration for the promise made by the defendant. Mutual promises constitute legal considerations. Each is a consideration for the other. The defendant in this case, agreed to hire to the plaintiff four negro men for a year at a stipulated price, to be paid monthly, and the plaintiff agreed to secure the payment of the hire, by a bond with good and sufficient sureties. Here are mutual promises, which constitute a good consideration for the agreement on each side. The action is for a violatian of this contract by the defendant, in refusing to deliver the slaves at the time specified.
 

 The contract sued on was an executory one, and to entitle the plaintiff to maintain Ins action, something was to be done by him which preceded the obligation on the defendant to perform his part.. To secure the payment of the hire, and the safe keeping and return of the slaves, the plaintiff was to give a bond with good and sufficient sureties residing in the county of Rutherford. The delivery of such a bond was a condition precedent, or an act to be performed simultaneously with the delivery of the slaves:
 
 *102
 
 in other words; they are concurrent acts. He cannot, therefore, recover in this action, without averring in his declaration, the performance of the act, or that which is equivalent thereto. Thus the plaintiff may aver that he tendered or offered to do tire act, and the defendant refused
 
 it
 
 — Jones, assignee, v. Barkley, Doug. 685;
 
 Terry
 
 v. Williams, 8 Taun. 65; or that the defendant hindered the performance of the condition precedent, by a neglect or default on his part—1 Term Rep. 645;
 
 Hotham
 
 v.
 
 East India
 
 Company, 1 T. R. 638;
 
 Heard
 
 v. Woodham, 1 East 619; or that he discharged him from the performance of it. Doug. 684. In all these cases the declaration will be sufficient. Here, an agent attended on the day appointed, at the defendant’s house, and demanded the negroes, at the same time notifying the defendant that he was ready to give the bond and sureties as required. The defendant refused to deliver them, stating that he intended to work the slaves himself. This we consider equivalent to an averment of performance. It is said, however, that to give that effect to the conduct of the defendant, the plaintiff must show that he had, at the time, such a bond as the contract required, duly executed for delivery. The case in 2nd Douglas is an authority to the contrary. The defendant was notified that the plaintiff, or his agent on their behalf, was ready to give such a bond. The defendant refused to let him have the negroes. This was equivalent to saying — You need not tender your bond — I will not receive it. This certainly was a discharge to tire plaintiff of the necessity of making a formal tender. Where was the necessity of going through the form of offering a bond, when told if he did, he should not have the slaves? As to the second alleged contract, it was never completed.
 

 We concur with his Honor on both the points ruled by him.
 

 PeR CuRiam. • Judgment affirmed.