## REVILLO HUBBARD

### *v.*

## FREDERICK W. JASINSKI.

1. JURISDICTION IN CHANCERY—*remedy at law.* A mortgagor of land, having obtained a release of the mortgage, sold and conveyed the premises, by deed with covenant of warranty, to a third person. The mortgagee afterwards filed his bill against the grantee of his mortgagor, to foreclose: *Held,* that the mortgagor might maintain a bill in equity to enjoin the suit for foreclosure, settle the question of payment of the mortgage, and have it canceled upon the record, and need not postpone the assertion of his rights in that regard, until he should be sued upon his covenant of warranty by his grantee, when he might set up his payment of the mortgage in the suit at law.

2. RELEASE—*by one of two mortgagees—assent and ratification of the other.* Where one of two mortgagees releases the mortgage, if the other assents thereto verbally, and accepts a part of the money paid to obtain the release, with full knowledge of the circumstances, he will be bound by such release.

WRIT OF ERROR to the County Court of LaSalle county; the Hon. P. K. LELAND, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. D. P. JONES, for the plaintiff in error.

Messrs. BUSHNELL & AVERY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Hubbard and Shagreen, as joint owners of a patent right, sold the right for the State of Pennsylvania to Jasinski, receiving therefor a thousand dollars in cash, and his notes for eighteen hundred dollars, secured by a mortgage on his farm. Jasinski proceeded to Pennsylvania, and after expending considerable time and money there in the vain attempt to sell his patent, returned home. Meeting Shagreen soon after, he complained that the patent was worthless, and that he had been deceived, and after some conversation Shagreen agreed, if Jasinski would pay him four hundred dollars more, to cancel the notes and mortgage. Jasinski soon afterwards paid the money, and Shagreen executed a release under seal of the interest of Shagreen and Hubbard in the mortgaged premises. Jasinski subsequently sold the land to one Arneson, and Hubbard filed a bill against him to foreclose the mortgage, but not making Jasinski a party. The latter, thereupon, commenced this suit against Hubbard, praying that he be enjoined from the further prosecution of his bill of foreclosure, and be decreed to satisfy the mortgage of record. The Circuit Court heard the cause on the pleadings and proof, and decreed in conformity with the prayer of the bill. From this decree Hubbard appealed.

It is urged by counsel for appellant that there was a complete remedy at law, but the objection is not well taken. The remedy at law referred to is the power of Jasinski to set up the payment of the mortgage as a defence against any action brought by Arneson against him on the covenants in his deed. But Jasinski is not obliged to postpone the assertion of his rights until that time, when, perhaps, his evidence may have

21—46TH ILL.

passed beyond his reach. Moreover, this is a controversy between Jasinski and Hubbard, and should be settled between them, instead of being litigated between Arneson and Jasinski. Justice to Arneson requires this. If Jasinski has paid this mortgage in a manner to be binding upon Hubbard, the attempt of the latter to foreclose it is a wrong, both to Jasinski and to Arneson, the present owner of the land, and Jasinski, as the party ultimately liable upon his covenants to Arneson, must be permitted to bring Hubbard before the court for the purpose of settling the question of payment, and having the mortgage fully canceled upon the records in case it has been paid. Only in this way can complete justice be done. If Hubbard had made Jasinski a party to the foreclosure suit, as he should have done, this controversy might have been settled there, and this suit would have been unnecessary. The case of *Coughron* v. *Swift*, 18 Ills. 414, to which reference is made, is wholly unlike the present.

It is also urged that Hubbard and Shagreen were not partners, and that the settlement with the latter was not binding upon the former. We are rather of opinion that the evidence shows a partnership between them in matters pertaining to this patent right, but it is not necessary to consider that question. Shagreen testifies that he advised Hubbard of the terms of his settlement with Jasinski, before the latter paid the four hundred dollars, and he did not dissent, and that, after the money was paid by Jasinski to him, he paid one half of it to Hubbard, who received it with a full knowledge of all the circumstances. The notes were not then due. This testimony of Shagreen is, in some very material particulars, contradicted by Hubbard, who was sworn as a witness under the recent act of the Legislature. The Circuit Court seems to have given credit to the testimony of Shagreen, and properly enough, as he had no interest in the result of the suit. This evidence of Shagreen fully sustains the decree, as it shows the implied approval of Hubbard before the settlement was con-

summated, and his full ratification afterwards. The decree must be affirmed.

*Decree affirmed.*