BECK v. MERONEY.

(Filed May 24, 1904).

1. TAXATION—*Quieting Title—Cloud on Title—Tax Titles—Acts 1893, ch. 6—Pleadings.*

   In an action to set aside a tax deed as a cloud on title, it was not necessary that the complaint allege that all the taxes had been paid, provided evidence of that fact was introduced at the trial.

2. CLOUD ON TITLE—*Tax Titles—Quieting Title.*

   Where the taxes, interest and costs for which land was sold were paid by the tax debtor during the year allowed for redemption, the tax deed, valid on its face, constituted a cloud on the title.

3. TAX TITLES—*Payments.*

   Where a tax debtor paid the amount demanded by the sheriff to redeem the land from tax sale, such payment constituted a redemption, though the sheriff erroneously computed the amount due.

4. TAX TITLES—*Payments.*

   Where the owner of land pays the sheriff the taxes, costs and interest on land sold for taxes, and the sheriff tenders the money to the purchaser, it is sufficient, though the payment was made to the sheriff by check.

5. TAX TITLES—*Limitations of Actions—Acts 1893, ch. 6.*

   An action to set aside a tax deed as a cloud on title is not barred within three years from the sale.

ACTION by L. H. Beck against B. B. Meroney and others, heard by *Judge W. A. Hoke* and a jury, at November Term, 1903, of the Superior Court of CHEROKEE County. From a judgment for the plaintiff the defendant appealed.

*E. B. Norvell* and *Ben Posey,* for the plaintiff.
*Dillard & Bell, F. P. Axley* and *R. L. Cooper,* for the defendant.

MONTGOMERY, J.    The defendants in 1898 bought the mineral interests in the land described in the complaint at a sheriff's sale for taxes, and more than a year thereafter received the deed from the tax collector to the property. In the meantime, and within six months after the sale for taxes, the plaintiff paid through his agent, Southerland, to the sheriff of the county the amount estimated to be due by the sheriff for taxes, costs and interest. The defendants in the Court below moved *ore tenus* to dismiss the complaint because it was not alleged therein that all the taxes due on the land had been paid, and that it was alleged in the complaint that the defendants' deed was absolutely void and tended to cast a cloud upon the plaintiff's title. The motion was properly denied.

We think it was not necessary that it should have been alleged in the complaint that the taxes had been paid on the land. The Revenue Act, under which the land was sold, did not require that. In *Moore v. Byrd,* 118 N. C., 688, it will be seen that the Court construed the statute to mean that the tax debtor must show by the *evidence* that he had title to the property at the time of the sale, and that all taxes had been paid upon the property, and the plaintiff introduced such evidence. The complaint not only contained the allegation that the tax deed held by the defendants was absolutely void (and so it was if the land had been redeemed by the

tax debtor), but it also contained the allegation that the deed on its face was apparently regular and valid. If the taxes, therefore, and the costs and interest had been paid by the plaintiff tax debtor within the year allowed for redemption, then the deed, being valid on its face, constituted a cloud on the plaintiff's title.

When land is sold for taxes in this State the purchaser, during the time allowed for redemption, has a statutory lien upon the land for the taxes, costs and interest; but when the taxes and charges are paid within the year allowed for redemption the lien is discharged by the payment. The agent of the plaintiff approached the defendants for the purpose of redeeming the land, and upon their refusal to receive pay· ment he paid the amount to the sheriff of the county, who himself made out the amount estimated to be due. Because the sheriff made a mistake in the calculation of about fifty cents, the defendants insist that redemption did not follow the payment of the amount due by the sheriff's calculation. There can be nothing in that contention in reason, justice or law. A tax payer in this State has the right to rely, in redeeming his land from sale for taxes, upon the statement of the tax collector, the officer of the State for the collection of its revenue.

The defendants contend further, that because the Revenue Law required that the sheriff should collect taxes *in money,* therefore, because he received a check on a bank from the tax debtor's agent, there was no redemption. But it appears in the evidence that the sheriff collected and used, as sheriff, the check, and tendered to the defendants not the check but money in payment of the amount due by the tax debtor, and that they refused to receive it.

The defendant pleaded the three years' statute of limitations as a defense to the action. The Revenue Law in force at the time the land was sold for taxes provided that "no

action for the recovery of real property sold for non-payment of taxes shall lie unless the same be brought within three years after the sheriff's deed is made as above provided." It is true that more than three years had elapsed between the execution of the sheriff's deed and the time of the commencement of this action, but this is not an action for the recovery of the land; it is simply an action to remove a cloud from the plaintiff's title under the Act of 1893, chapter 6.

No Error.