W. E. BATEMAN v. E. B. HOPKINS.

(Filed 14 December, 1912.)

**Appeal and Error—Contracts—Interest—Writ of Possession—Supreme Court—Motions—Cost—Practice.**

It having been determined on a former appeal in this case that under the contract entered into between the parties that the plaintiff should pay a certain sum of money into the Superior Court

and defendant cancel certain outstanding notes and mortgages against the plaintiff's property, it is *Held*, that the defendant is not entitled to interest on the outstanding notes he has paid; and a decree is entered in the Supreme Court that the defendant immediately execute and deliver to plaintiff a deed of general warranty to the lands described in the complaint, and that after twenty days a writ of possession issue from the Superior Court; that defendant pay costs incident to his motion.

APPEAL by defendant from *Webb, J.,* at Spring Term, 1912, of TYRRELL.

This is a motion by the plaintiff, after notice, for a decree commanding the defendant to execute a deed to him with general warranty, for the land described in the complaint, and for a writ of possession.

After the last opinion was filed in this case, the plaintiff paid $1,000 into the office of the Clerk of the Superior Court of Tyrrell County, and the notes to J. C. Meekins, Sr., have been surrendered and the mortgage executed to secure the same has been canceled of record.

The defendant resists the motion upon the sole ground that, pending this litigation, he has paid interest to J. C. Meekins, Sr., amounting to $600, and insists that the plaintiff should be required to pay him this sum.

PER CURIAM. The plaintiff is entitled to the decree he demands. The contract between the plaintiff and defendant was to pay the defendant $1,000 and to release the lands from the mortgage to J. C. Meekins, Sr., and the contract has been fully performed. The last appeal of the defendant was based on this contention. He then said that the plaintiff had not agreed to pay any certain amount, except as to $1,000, but that he had agreed to satisfy the mortgage, and his view prevailed in this Court.

The sum of $600 paid as interest was upon a debt he owed, and was not induced by any request or conduct of the plaintiff.

Let the decree be entered. The cause is retained.

### DECREE.

The plaintiff, after due notice to the defendant, moves the Court for a decree commanding the defendant to execute a deed

to him with general warranty, and for a writ of possession, and it appearing to the satisfaction of the Court that since the opinion was filed in this action, that the plaintiff has paid into the clerk's office in Tyrrell County the sum of $1,000 for the use of the defendant, and has also marked "Satisfied" the notes referred to in the pleadings, due to J. C. Meekins, Sr., and has caused to be canceled of record the mortgage or trust deed securing the payment of said notes, and has otherwise fully complied with the judgment of this Court, it is now ordered, adjudged, and decreed that the defendant, E. B. Hopkins, immediately execute and deliver to the plaintiff a deed with general warranty conveying to him in fee simple the lands described in the complaint in this action.

It is further adjudged and decreed that, upon application of the plaintiff, the clerk of this Court issue a writ, directed to the Sheriff of Tyrrell County, requiring him to put the defendant out of possession of said lands and to put the plaintiff in possession thereof, but that this writ shall not issue in less than twenty days from this 18 December, 1912.

It is further ordered that the defendant pay the costs of this motion.

The clerk of this Court will certify a copy of this judgment to the Superior Court of Tyrrell County at once, in order that a copy of the same may be served upon the defendant, and that it may be entered upon the records of the Superior Court of said county.