B. W. TOWNSEND and J. H. TOWNSEND v. DRAINAGE COMMISSIONERS
OF BACK SWAMP AND JACOB SWAMP DRAINAGE DIS-
TRICTS, Sheriff R. E. LEWIS, and A. G. CALHOUN.

(Filed 14 November, 1917.)

1. **Drainage Districts—Assessments—Sales—Notice—Purchasers—Deeds and Conveyances.**

Where the owner of land within a drainage district dies after it is formed, and after notice given to the estate the lands are sold by the sheriff for default in payment of the annual installment of the assessment thereon, one who claims the land under an unrecorded deed executed under the will of the deceased owner may not attack the validity of the sheriff's deed, given to the purchaser of the land, for the lack of notice to himself.

2. **Drainage Districts—Assessments—Sales—Notice—Procedure.**

The remedy of a landowner in a drainage district, whose land has been sold for default in paying the assessment, without the statutory notice, is by motion in the drainage proceedings, and not otherwise.

3. **Drainage Districts — Assessments — Taxes — Sales — Deeds and Conveyances—Rights of Parties.**

Sales for default in the payment of assessments on lands in drainage districts, except as to time, must in all respects be under the law for the collection of State and county taxes (Gregory's Sup., sec. 4018), and a purchaser at such sale may, at his election, bring foreclosure suit upon the tax certificates (Revisal, sec. 2912) or proceed to acquire a deed from the sheriff under the provisions of Revisal, secs. 2899, 2907; the only remedy for the owner being to redeem upon payment of the purchase price, with the statutory interest and all subsequent taxes (Revisal, sec. 2913), and he may not question the purchaser's title without showing title in himself at the time of the sale and payment of all subsequent taxes. Revisal, sec. 2909.

Appeal by R. C. Townsend from *Connor, J.,* at May Term, 1917, of Robeson.

This action was begun by J. H. and B. W. Townsend, as owners of 1,512 acres, being tract No. 71, in the Drainage Swamp, which land, in February, 1916, was sold by the sheriff for default in payment of the annual installment of the assessment thereon of $1,392.18. At said sale A. G. Calhoun became the purchaser, at the price of $11,000, which he duly paid to the sheriff. Calhoun agreed with the plaintiffs, prior to his payment of the purchase price for said lands, that if arrangements could be effected with the drainage district and the sheriff whereby Calhoun would be relieved of the payment of the purchase price, and that his agreement with the lumber company (who owned the timber thereon), that this purchase should not affect their rights and that the timber should be protected against future assessments, if any, he would relinquish his claim as purchaser in favor of the plaintiffs. The drainage commissioners and the sheriff refused to concur in this arrangement,

owing to the opposition of the bondholders, and thereupon this action was instituted and a temporary injunction issued, restraining the sheriff from executing to Calhoun his deed or certificate, and from collecting and receiving from him the $11,000. At October Term, 1916, of Robeson, the plaintiffs had an agreement with the drainage commissioners whereby a nonsuit was taken, and the judge signed a judgment directing the sheriff to collect the purchase price from Calhoun. It appearing that this judgment was taken without notice to Calhoun, at February Term, 1917, the judgment was set aside as between the plaintiffs and Calhoun. At that time Calhoun had already paid the $11,000 and the sheriff had issued the deed or certificate to him, and it was adjudged that the plaintiffs, J. H. and B. W. Townsend, had no further right to redeem, since they had been given the opportunity and had refused to do so. It was then suggested that the appellant, R. C. Townsend, claimed an interest in the land, which is lot No. 71 of the drainage district, and notice issued to him to show cause at May Term, 1917, why he should not be foreclosed if he failed to set up any claim in said land. At May Term, 1917, judgment was rendered, Calhoun consenting, that the appellant, R. C. Townsend, should have 90 days from 15 May, 1917 (the date of the hearing, and not the date of service of summons on him, which was prior thereto), in which he could redeem the land by paying the purchase price of $11,000 and interest allowed in such cases, together with whatever other taxes Calhoun had paid on the land in the meantime, and decreeing that should said R. C. Townsend fail to redeem within said time, he should be foreclosed of any right to redeem and the sheriff should execute a deed to Calhoun for said land. The court found further facts, as follows: "The court finds that said tax sale was in all respects regular, as set out in said tax certificate, and that the defendant, A. G. Calhoun, became the purchaser of the lands therein described, and that throughout the establishment of the said drainage district the land described in said certificate was owned and listed in the name of S. R. Townsend, who died after the establishment of said drainage district, and executed his last will and testament, under which the defendant, R. C. Townsend, claims through the plaintiffs in this action *by virtue of an unrecorded deed.*"

A written agreement between the parties is filed in this Court that the deed from B. W. Townsend and J. H. Townsend, executors of S. R. Townsend, to D. W. Townsend for the lands in controversy was executed 26 April, 1916, and duly registered the next day, and that the deed for the lands by D. W. Townsend to R. C. Townsend is dated 16 August, 1916, and registered 5 November, 1917, since the docketing of the appeal in this Court.

R. C. Townsend claims title to the land under the will of S. R. Townsend, which was executed and probated since the establishment of the

drainage district and also under the deed from the executors of S. R. Townsend to D. W. Townsend and the conveyance by him as above set out.

The court found that the tax sale by the sheriff was in all respects regular, and there is no exception to this finding and no request appears in the record that the Court should find other facts.

From the judgment at May Term, 1917, R. C. Townsend appealed.

*T. A. McNeill, Jr., and Sinclair, Dye & Ray for R. C. Townsend.*
*McLean, Varser & McLean for A. G. Calhoun.*

CLARK, C. J. From the above statement of facts found by the judge and the admissions, it is clear that at the time of the tax sale in February, 1916, at which A. G. Calhoun bought, the lands in controversy were still a part of the estate of S. R. Townsend and subject to the assessments against said lands in favor of said drainage district under which it was sold at a sale in all respects regular as set out in the tax certificate and found by the judge.

At May Term, 1917, Calhoun consented that the paper executed to him by the sheriff when he paid the purchase price should be treated as a tax certificate, and this concession by him eliminates all controversy as to whether it was a deed for the land or not. There is no controversy now before the Court whether R. C. Townsend had notice, because the record shows that he was served with such notice and appeared at May Term, 1917, and was given ninety days after that hearing to pay for and redeem the lands; and it was decreed that upon his failure to do this Calhoun would be entitled to a deed from the sheriff, which would operate as a complete conveyance of R. C. Townsend's interest.

A. G. Calhoun bought at the sale in February, 1916, which the judge finds to have been regular in all respects. By one means or another, the confirmation of that sale has been postponed until now nearly two years have elapsed since the sale. It was by consent of said Calhoun that, at May Term, 1917—now six months ago—ninety days were allowed R. C. Townsend in which to redeem the land, though he was a claimant under an unregistered deed which he had made no attempt to put on record and which was not recorded till 5 November, 1917, since the case was docketed here.

In *Banks v. Lane,* 170 N. C., 14, it was held that the landowner, at the time of the establishment of the drainage district, was the only necessary party to the proceedings, and that lien holders and mortgage holders need not be made parties, and that the establishment of the drainage district created the presumption that the land would be bene-

fited by the drainage district more than the burdens assessed against it for such purpose. This was held true against the purchase money mortgages under the facts recited in that case. That case was reheard and reaffirmed 171 N. C., 505. The second opinion pointed out that if the plaintiff was the landowner, and had not been served, the remedy was by motion in the drainage proceeding and not otherwise.

In this case, at the time of the tax sale in February, 1916, the record discloses that R. C. Townsend had no interest in the lands, but on the contrary shows that the title then was still in the estate of S. R. Townsend, who was a party to the proceedings to establish a drainage district and whose estate had full notice of the proceedings to sell for default in payment of the assessment.

As set out in appellant's brief, Laws 1911, chap. 67, sec. 12 (Gregory's Supplement, sec. 4018, and subsections), provide that sales for default in payment of assessments in drainage districts shall in all respects, except as to time, be under the laws for the collection of State and county taxes. The court in this case found that the sale February, 1916, by the sheriff was in all respects regular. The consent by Calhoun at May Term, 1917, that R. C. Townsend should have ninety days in which to redeem was an act of grace on his part and gives to R. C. Townsend no right to an extension of time after the lapse of said ninety days.

The appellant contends that Revisal, 2912, requires the purchaser at a tax sale to bring an action to foreclose upon his tax certificate, and that this is his only remedy. In this he is in error, for section 2912 gives this as an additional remedy and uses the following language: "The holder of a deed for real estate sold for taxes shall be entitled to the remedy provided in this section (2912) if he elect to proceed thereunder," or he may proceed to acquire a deed from the sheriff as otherwise pointed out in sections 2899 to 2907 of the Revisal.

Every individual purchaser has two remedies, one to proceed under the statute to require a deed, and the other to foreclose by action in court under section 2912. Formerly, if the county was purchaser it had only the right to foreclose (*Wilcox v. Leach,* 123 N. C., 74), but this was changed by Laws 1901, chap. 558, sec. 18 (now Pell's Revisal, 2905), which provides that the sheriff can execute a deed upon the demand of the county commissioners or the governing board of a municipal corporation in the same manner as in cases where individuals have purchased.

In this case, the purchaser, Calhoun, is following his remedy to demand a tax deed, and since the matter has been in court notices have been issued to all parties who might claim an interest since he obtained a judgment against the plaintiffs, executors of S. R. Townsend, who

claimed to be the owners of the land and who are the parties under whom R. C. Townsend now claims.

Revisal, 2913, provides that the only remedy of the landowner or occupant is that he may redeem, and there is no obligation upon the purchaser to foreclose, and it is provided that this redemption is allowed the owner of the land upon payment of the amount of the purchase price with the statutory interest, as provided by Revisal, 2913, together with all other taxes subsequently paid. This is held in *Beck v. Meroney*, 135 N. C., 532, to constitute the landowner's sole remedy.

The plaintiff cites *Rexford v. Phillips*, 159 N. C., 213, where the Court discusses this matter fully, and after referring to the fact that taxes had been paid and that a tender had been made and rejected, holds that it is the duty of the land claimant to pay the taxes and the statutory· charges, and says: "This is nothing but right, and is no more than the plaintiff should be required to do, in order that his delinquency may not inure to his benefit, and that justice may be done to the defendant who has relieved the land of a charge which would have rested upon if it the plaintiff had performed his duty by listing his property for taxation."

Revisal, 2909, provides that no person shall be permitted to question the title required by the sheriff's deed without *"first showing that he or the person under whom he claims had title to the property at the time of the sale, and that all taxes due upon the property have been paid by such person or* the person under whom he claims." Calhoun's judgment against the plaintiffs, under whom the appellant claims, is set out in the record, and the appellant does not show that he has paid the taxes, but says expressly that he has not, and he has no right now to question the status of Calhoun.

In *Eames v. Armstrong*, 146 N. C., 1, the Court discusses this question and cites the cases up to that time under Revisal, 2909. The appellant is in fact a "volunteer." He is not a creditor or purchaser for value within the meaning of the Connor Act, and he cannot come into court under his unregistered deed and successfully question Calhoun's right to a deed when he has not paid or tendered within the ninety days, which were allowed him as an act of grace with Calhoun's consent, by the judgment of May, 1917, the purchase money with the statutory charges and taxes. In fact, he has been treated in the same manner as if he had title to the lands, though he had none, and he was allowed ninety days in which to redeem when he appeared and said he wished to redeem.

The appellant has had all that S. R. Townsend or his executors could claim, though he was not entitled to stand in their shoes. He is not entitled now to have an addition to the more than six months delay which he has obtained by appealing from a judgment which allowed him

ninety days as an act of grace. There is no error in the judgment of the court of which he can complain, and we cannot hold that there was. It is ordered, however, that R. C. Townsend shall be allowed till 1 January, 1918, to comply with the terms of the judgment ·appealed from, and on default shall then be in all respects foreclosed from all claim or rights as to the property in question.

Affirmed.