FRANK C. HEADMAN, EXECUTOR, ET AL. v. BOARD OF COMMISSIONERS OF BRUNSWICK COUNTY, THE CITY OF SOUTHPORT, AND PHILIP ALLEN.

(Filed 2 April, 1919.)

1. **Municipal Corporations — Sales — Taxes — Tender — Waiver—Actions—Cloud on Title.**

    Where lands have been sold by a county or municipality for the non-payment of taxes, and the one claiming as the true owner brings suit to remove the sheriff's deed as a cloud upon his title, a refusal of the amount thus due, by the one entitled to receive the taxes, is a waiver of any tender of the taxes as required by the statute, and the plaintiff may maintain his suit.

2. **Same—Judgments.**

    Where the plaintiff has succeeded in his suit to remove a tax deed as a cloud upon his title to lands, the courts will require as a condition of entering judgment upon the verdict that plaintiff pay into court the amount of the taxes, for the use of the party entitled thereto, or to him directly, with any other amount due by way of penalty or interest.

3. **Taxation—Pleadings—Payment—Evidence.**

    It is only required that the payment of taxes be *shown* before plaintiff can recover in his suit to remove a tax deed as a cloud upon his title to lands, and it is unnecessary that such payment be *pleaded.*

4. **Taxation—Lands—Description—Listing—Owner—Statutes.**

    Where lands have been sufficiently described in listing them for taxation, the fact that they were not listed in the name of the true owner will not invalidate the sheriff's deed when the listing is otherwise sufficient. Revisal, sec. 2894.

5. **Taxation—Receivers—Deeds and Conveyances—Tax Deeds—Municipalities—Foreclosure—Rights and Remedies—Statutes.**

    The statutory right to sell lands in a receiver's hands is cumulative

to that given the sheriff against the owner, and the latter is not deprived of his right to pay or tender payment of the taxes due where it is necessary to protect himself against loss. Revisal, secs. 2879, 2862.

6. Same—Parties—Cloud on Title.

In a suit by the owner of lands in a receiver's hands to remove a tax deed as a cloud upon his title, the receiver should be made a party under the direction of the court which has appointed him, as the assets in his hand are involved, and may be impaired in the event that the tax deed be eventually declared valid.

7. Taxation —Sales—Purchasers—Municipal Corporations—Counties—Foreclosure—Deeds and Conveyances—Statutes.

The right of a county or municipality to become purchasers at their sales of lands for the nonpayment of taxes depends upon the statutes in force at the time, and the right given them to foreclose under the provisions of Revisal, sec. 2912, is an additional remedy to that of receiving a deed direct from the sheriff, Revisal, secs. 2899 et seq., amended by ch. 558, sec. 18, Laws of 1901 (Pell's Revisal, sec. 2905), and when the latter course has been followed, objection that the only method was by foreclosure is untenable.

8. Appeal and Error—Demurrer—Fragmentary Appeals—Objections and Exceptions—Judgments.

On appeal from an order overruling a demurrer to the complaint only those grounds of objection which, if sustained, would dismiss the action, or cover the entire case or would finally dispose of it, will be considered; and where the suit is to remove a tax deed as a cloud upon the plaintiff's title to lands, and, among other grounds of demurrer taken, there is one, a ruling upon which does not dispose of the case, an exception as to this should be entered and reserved for final judgment, an appeal therefrom being fragmentary, and where such grounds as permit of appeal have been held untenable, the other will not be passed upon.

9. Costs—Appeal and Error—Demurrer.

Where on appeal from a demurrer to a complaint some of the grounds for the demurrer have been sustained and others overruled, the Supreme Court may, in its discretion, direct that the costs of appeal be equally divided between the parties.

ACTION tried before *Stacy, J.,* upon demurrer, at August Term, 1918, of BRUNSWICK.

Appeal by defendants.

*E. K. Bryan for plaintiffs.*
*C. Ed. Taylor for Brunswick Co., Cranmer & Davis for City of Southport, Russell W. Richmond, Joseph W. Ruark, and Robert Ruark for defendant Allen.*

WALKER, J. The plaintiffs alleged in their complaint that a deed under a tax sale of their land had been fraudulently obtained, and that

the notice required by the law, before such a deed is executed, was not given, and that plaintiff's only remedy was by foreclosure, and that the land was in the hands of a receiver, and was improperly listed in the name of the Southport Land Company, and by reason of the defects in the sale and deed a cloud has been put upon their title which they ask to be removed.

The defendants demurred to the complaint, assigning the following grounds of demurrer, which will be stated and considered in their proper order:

1. That plaintiffs had not paid the taxes due for the years 1914 and 1915, for which the land was sold. The plaintiffs alleged that they were willing and ready to pay the taxes and tendered them to the defendant entitled to receive them, and that he will not receive them. This, of course, is admitted by the demurrer, or rather to be considered as admitted, for the purpose of deciding the legal questions raised by it. *Balfour Quarry Co. v. Am. Stone Co.,* 151 N. C., 345; *Brewer v. Wynne,* 154 N. C., 467; *Kendall v. Highway Commission,* 165 N. C., 600. The defendant cannot be forced to accept payment of the taxes, and his refusal is a waiver of further tender, and dispenses with the necessity of it. *Beck v. Meroney,* 135 N. C., 532 (a tax sale case). This is also the usual rule as to a tender. *Abrams v. Suttles,* 44 N. C., 99; *Bateman v. Hopkins,* 157 N. C., 470; *Gallimore v. Grubbs,* 156 N. C., 575; *Blalock v. Clark,* 133 N. C., 306, and *Gaylord v. McCoy,* 161 N. C., 685, where this Court said: It is a general rule that when the tender of performance of an act is necessary to the establishment of any right against another party, this tender or offer to perform is waived or becomes unnecessary when it is reasonably certain that the offer will be refused—that payment or performance will not be accepted. And this was also held in *Mobley v. Fossett,* 20 N. C., 93 (bot. p. 94); *Martin v. Bank,* 131 N. C., 121; *Terrell v. Walker,* 65 N. C., 91. In *Mobley v. Fossett, supra,* it was held that when a party is bound by his agreement to make a tender of an article at a particular place, and the other party apprises him that he will not receive the article at all, it dispenses with the necessity of making the tender, citing 2 Starkie on Evidence, p. 778. But while this is so, if the plaintiff finally prevails in this action, the court will require, as a condition of entering a judgment upon the verdict, that plaintiffs pay into the court the amount of the taxes for the use of the party entitled thereto, or to him directly, with any other amount due by way of penalty or interest. Brunswick County and the City of Southport, it is presumed, already have received their taxes, and the defendant Philip Allen may have paid them, so that no other payment is now necessary, but inquiry will be made as to this matter and the facts found, so that the proper judgment may be rendered and the amount of

taxes and other amounts due may be paid. *McLaurin v. Williams,* 175 N. C., 291. The county and city, or their assignee, must have all taxes and charges due to them, or to those claiming under them, before any decree is entered on the verdict, if the plaintiff finally gets one. The payment of taxes is only required to be *shown,* not pleaded. *Beck v. Meroney,* 135 N. C., 532; *Moore v. Byrd,* 118 N.•C., 688.

2. That listing the land in the name of some one other than the true owner did not invalidate the sale of the land for the taxes, as alleged by the plaintiff. We have so held in several well-considered cases. *Peebles v. Taylor,* 118 N. C., 165; *Moore v. Byrd, supra; Eames v. Armstrong,* 146 N. C., 1, and in the recent case of *Stone v. Phillips,* 176 N. C., 457, in which attention is called to Revisal of 1905, sec. 2894, which reads as follows: "That no sale of real estate shall be void because such real estate was charged in the name of any other than the rightful owner if such real estate be in other respects sufficiently described. But no sale of real property so listed in the name of the wrong person shall be held valid when the rightful one has listed the same and paid the taxes thereon." *Stone v. Phillips, supra,* cites *Taylor v. Hunt,* 118 N. C., 168, as approving the principle embodied in the statute, and distinguishes *Rexford v. Phillips,* 159 N. C., 213, in which case it appeared that there had not been any listing of the property as the law required, but the placing on the books of an indefinitely described part of a large body of land by a person having no semblance of authority, in law or in fact, for doing so. To have permitted such a false and unauthorized listing and description to bind and conclude the owner would have been a plain act of injustice, which is not warranted by any reasonable construction of the statute, and is directly contrary to its expressly declared purpose. The *Stone case* holds, in a well-considered opinion by *Justice Hoke,* that the listing of property in the name of a person other than the true owner will not invalidate a sale of it for the taxes, which is otherwise free from fatal defects, and this opinion we again approve. Counsel who argued the present case before us (Mr. Robert Ruark) correctly understood and stated in his argument and in his brief the palpable distinction between *Rexford v. Phillips,* 159 N. C., 213, and the cases holding that the mere listing in the wrong name, when the property is sufficiently described, will not invalidate a sale for taxes.

It can make no difference, as to the validity of a tax sale, that the property was in the custody of a receiver, appointed by the court, while the taxes were due. Revisal of 1905, sec. 2879, provides fully for such a case, and section 2862 requires a receiver and other fiduciaries named therein to pay the taxes assessed against the trust property, and makes him liable personally to the sheriff, by an action against him, and in damages to the owner of the property, who suffers loss by his default,

for the failure to pay the taxes out of the trust fund in his hands. But we do not think this section deprived the owner of the right to protect his property, although held in trust by a receiver, by making a tender of the taxes to save it from a sale and the consequent loss of it by him. Such was not the intent and meaning of this section, which was to give an easy remedy to the sheriff against the trustee or receiver, which was cumulative to that against the owner, and it could not have been intended that the owner should be made to see his property sacrificed by the neglect of a receiver, and not be able to save it by paying the taxes,. and such an injustice would be aggravated and more apparent when the receiver really had no funds with which to pay them, as may happen to be the case in some instances. It would be proper, at least, to make the receiver a party to this action, as he has an interest in it. The court by which he was appointed would, upon proper application, direct him to make himself a party, as the fund in his hand is involved, and will be lost in the event the sale eventually is held to be valid.

3. The plaintiff further alleges that the only remedy of the county and city was by foreclosure. This was so at one time, but the statute has been changed, and each case must be decided under the law existing at the time of the particular transaction. With reference to this question, the Chief Justice said, in *Townsend v. Drainage Comrs.*, 174 N. C., 556, 559: "The appellant contends that Revisal, 2912, requires the purchaser at a tax sale to bring an action to foreclose upon his tax certificate, and that this is his only remedy. In this he is in error, for section 2912 gives this as an additional remedy, and uses the following language: 'The holder of a deed for real estate sold for taxes shall be entitled to the remedy provided in this section (2912) if he elect to proceed thereunder,' or he may proceed to acquire a deed from the sheriff as otherwise pointed out in sections 2899 to 2907 of the Revisal. Every individual purchaser has two remedies, one to proceed under the statute to require a deed, and the other to foreclose by action in court under section 2912. Formerly if the county was purchaser it had only the right to foreclose (*Wilcox v. Leach,* 123 N. C., 74), but this was changed by Laws 1901, ch. 558, sec. 18 (now Pell's Revisal, 2905), which provides that the sheriff can execute a deed upon the demand of the county commissioners or the governing board of a municipal corporation in the same manner as in cases where individuals have purchased." And *Justice Hoke* said in *Lumber Co. v. Lumber Co.,* 169 N. C., 80: "It may be well to note that, under the present law (Revisal, sec. 2905), a county purchasing land for taxes may take a deed therefor without resorting to foreclosure (*McNair v. Boyd,* 163 N. C., 478), and this case holds, too, that it is only when the owner has been in possession that

the ordinary statutes of limitations do not operate against him." So we find this matter to be settled by statute and adjudication.

4. We have so far considered only those grounds of objection which, if sustained, would dismiss the action. In other words, they cover the entire case, and may finally dispose of it. But the next allegation of the plaintiff, as to the failure of the purchaser to give notice before the deed was made by the sheriff, which also was demurred to, embraces only a part of the cause of action, and if sustained will not dismiss it, as there is another ground left upon which the plaintiff may recover. When this is the case we do not review the overruling of the demurrer, but allow defendant to except and leave a decision upon the question to the final hearing. An appeal from the ruling is premature and fragmentary. We so held in *Shelby v. R. R.,* 147 N. C., 537, which was approved in *Chambers v. R. R.,* 172 N. C., 555, citing numerous decisions of this Court in support of the rule. There is a full discussion of the point in the latter case, but it may be well to quote the language of the present *Chief Justice* in *Shelby v. R. R., supra,* where it is said, at p. 537: "The defendant pleaded in its answer two separate and distinct defenses. The plaintiff demurred to one of them, as he had a right to do. Revisal, sec. 435. The demurrer was overruled, and the plaintiff appealed. This is obnoxious to the rule forbidding fragmentary appeals. An appeal from a ruling upon one of several issues will be dismissed. *Hines v. Hines,* 84 N. C., 122; *Arrington v. Arrington,* 91 N. C., 301. The plaintiff should have noted his exception, and the judge should have proceeded with the trial upon both issues. If both issues, or only the issue as to this defense, were found with the plaintiff, he would not need to review the order overruling the demurrer as to this; but should he desire to do so, the overruling the demurrer as to this issue can be as well reviewed on appeal from the final judgment. It is true that the plaintiff will have to try this issue, but, aside from the presumption that the judge ruled rightly, it is better practice that the issue raised by the second defense should be tried, even unnecessarily, than that an action should thus be cut in two and hung up in the courts till it is determined, after much delay, on appeal, whether two issues or one should be tried. It is better to try both, and, after final verdict and judgment, pass upon the validity of the defense demurred to, if the result is such as to make the plaintiff still desirous to review it, which he will not be if he gain the case, nor if he lose on the other issue without ground of exception thereto." And again, at page 558: "Hence fragmentary appeals like this, and premature appeals and appeals from interlocutory judgments, usually are not tolerated. It can prejudice neither party to have the issue as to the second defense found by the jury (plaintiff's exception being noted) at the same time the issue as

to the other defense is found. With all the parties before the court, and the facts fully brought out, a correct conclusion is more likely to be reached by both judge and jury." In *Knott v. Burwell,* 96 N. C., 272, where there was a demurrer to a matter of defense and also to a counterclaim presenting a very strong illustration of the doctrine, it was said: "The demurrer being sustained by the court, and the counterclaim disallowed, the defendant appealed, and at the same time moved the court to suspend further proceedings in the action until the appeal could be heard and decided. This was also refused and the trial ordered to go on. To these rulings the defendant's first exception is taken, and it is, in our opinion, without support in law. The proposed appeal was premature, and the exception being noted upon the record, the ruling would come up for review after the final hearing upon an appeal then taken, and this opportunity is now afforded the defendant." Commenting on these cases (and the same question we are now discussing) in *Chambers. v. R. R., supra,* at pp. 558, 559, this Court said: "To the same effect is *Bazemore v. Bridgers,* 105 N. C., 191. So it will be seen that the practice and procedure in such cases has been thoroughly settled by decisions above considered. *Justice Reade,* in *Comrs. v. Magnin, supra* (78 N. C., 181), strongly intimated that the result, as declared in the above cases, was in accordance with the true construction and meaning of The Code, and if there were any cases to the contrary it might be well for this Court to settle the matter finally by the adoption of a rule forbidding such premature and fragmentary appeals and requiring an exception to be noted to the adverse ruling so that the trial of the case can proceed. The point may be reserved for consideration upon appeal at the final hearing. We think that it will, perhaps, be found that the cases in which appeals have been entertained in this Court from the overruling of demurrers are those where a decision of the question would finally dispose of the case, and not merely be one step forward, and perhaps a useless one." We further said in the *Chambers case:* "The practice we here adopt as the preferable one, besides having been settled by our decisions, is not, in principle, unlike that in cases of nonsuit, where the courts have held that, upon an adverse intimation of the court, the plaintiff may submit to a nonsuit, if he so desires, but he cannot appeal from the judgment of nonsuit, entered upon his submission, and have it reviewed in this Court, if there is *any* ground left upon which he may recover, for the ruling must go to the whole case and prevent a recovery before an appeal will lie. We have so held during this term in *Chandler v. Mills,* 172 N. C., 366, where it is said: 'The nonsuit and appeal were prematurely taken. The law with respect to this matter has been thoroughly well settled by this Court. Before a plaintiff can resort to a nonsuit, and have any proposed ruling of the

trial court reviewed here by appeal, the intimation of opinion by the judge must be of such a nature as to defeat a recovery. If there is any ground left upon which the plaintiff may succeed before the jury, after the elimination of all others by an adverse intimation, the remedy is not by nonsuit and appeal, but the case should be tried out upon the remaining ground, for the plaintiff may recover full damages, in which case no appeal by him would be necessary. In other words, the threatened ruling must exhaust every ground upon which a verdict could be had, and therefore be fatal to plaintiff's recovery'," citing *Hayes v. R. R.,* 140 N. C., 131; *Hoss v. Palmer,* 150 N. C., 17; *Merrick v. Bedford,* 141 N. C., 504; *Midgett v. Mfg. Co.,* 140 N. C., 361.

It may well be said here, in illustration of the rule and as showing its practical working to be in favor of a reasonable expedition of trials and how it is preventive of unnecessary delay, that if we should consider the question as to notice, and sustain the demurrer, we would be compelled to remand the case for the trial of the issue as to the fraud, and a demurrer may yet be filed to that cause of action and appeal taken, multiplying costs and causing vexatious delay, when defendant will lose nothing by excepting and reserving the question raised by him until the final hearing. He may even then take advantage of the alleged defect in plaintiff's case by a simple request for an instruction covering the point. If the jury, as remarked by the present Chief Justice in *Shelby v. R. R.,* should answer the issue as to the fraud in favor of the plaintiff, the other question will never arise again. There will be no necessity for deciding it. Besides the delay, therefore, there will be a waste of labor and an idle consumption of time in passing upon a question which may become entirely immaterial. Not longer than the last term of this Court it was said by *Justice Brown* in *Yates v. Dixie Fire Ins. Co.,* 176 N. C., 401: "We suggest to the judges of the Superior Court that fragmentary and premature appeals be not permitted. It is best that all the issues be determined and a final judgment rendered before a case is brought to this Court."

It, therefore, becomes unnecessary to consider what effect the want of notice from the parties, or the sheriff, of the sale and the intention to make a deed to the purchaser will have upon the case. The jury may find that there was an unlawful combination or conspiracy to defraud the plaintiffs, or that the notice was given, which would render vain and useless any decision upon the question just stated. The case of *Matthews v. Fry,* 141 N. C., 582, which was referred to by counsel on both sides, was decided under the Public Laws of 1897, ch. 169, and it has since been approved in several cases. *S. c.,* 143 N. C., 384; *Eames v. Armstrong,* 146 N. C., 6; *Warren v. Williford,* 148 N. C., 479; *Rexford v. Phillips,* 159 N. C., 213; *Board of Education v. Remick,* 160

N. C., 563; *McNair v. Boyd,* 163 N. C., 478. It was founded upon *King v. Cooper,* 128 N. C., 347 (opinion by the present Chief Justice), where the principle, which is applicable to such cases, is fully discussed. See *Jones v. Schull,* 153 N. C., 517 (by *Manning, J.*), in which *King v. Cooper* and *Matthews v. Fry* were specially approved and followed. The controversy in *Matthews v. Fry* and *King v. Cooper, supra,* was between the purchaser at the sale and the owner, and the notice of the purpose to make the deed to the former was intended to give a solitary and last chance to redeem the land by paying taxes, charges, costs and expenses. It was a wise provision to prevent what might turn out to be gross injustice, that is, to take his land without notice and an opportunity of paying the taxes, costs, expenses, and the large interest or per cent exacted by the statute, when no doubt he would be perfectly willing to pay it, and, too, it might be a small amount when compared with the true value of the land. But that statute was amended by Public Laws of 1901, ch. 558, sec. 20 (Revisal, sec. 2909), in material respects, which is mentioned by *Justice Connor* in *Eames v. Armstrong, supra,* and though we do not decide the question, as to the effect of that change in the law, we may again say, as we have already said, that each case must be governed by the particular statute applicable to it. *Jones v. Schull, supra.* It may be that the act of 1901 changes the law in the manner and to the extent that is claimed by the defendant, but we withhold our opinion upon this contention until it is properly presented.

We have carefully considered the case, and have been at much pains to state the contentions fully and to decide all questions within the compass of the appeal, as the whole matter and every detail of it came under elaborate discussion in this Court, and the questions were ably argued by counsel.

As we have sustained some of the grounds of demurrer and overruled others, we direct, in the exercise of our discretion, that the costs of this Court be equally divided between the parties, one half thereof to be taxed against the plaintiffs and the other half against the defendants.

The judgment is modified as above indicated.

Modified.