W. W. ROGERS AND WIFE v. J. J. PILAND.

(Filed 17 September, 1919.)

1. Injunction — Parties—Mortgages—Warranty—Deeds and Conveyances—Equity—Purchasers.

> Where a mortgagor has sold his equity of redemption in the mortgaged lands by deed containing warranty of title he may maintain his suit to enjoin the sale by the mortgagee, as he is a party vitally interested, under his warranty; and where his purchaser is a party to the suit, objection that the mortgagor is not the proper party to maintain the suit is untenable.

2. Waiver—Mortgages—Interest—Disputed Amounts—Tender.

> The mortgagor of lands gave several notes secured by the mortgage, maturing at different dates, and upon the maturity of one of them, a dispute as to the whole amount of the interest then due on all the notes arose, whereupon the mortgagor, the plaintiff in the action to enjoin the sale, under the power in the instrument, tendered the proper amount of such interest, which the defendant mortgagor refused, demanding the full payment of the principal and interest of the mortgage debt, not then due according to the terms of the mortgage: *Held*, the defendant's refusal to accept the correct amount of interest due, and his conduct relating to it, was a waiver of any formal tender; and it appearing that the plaintiff was at all times able, ready and willing to pay the correct amount of the interest, and had deposited a larger amount than due in the clerk's office, an injunction against the sale was properly continued to the hearing.

3. Waiver—Tender—Validity—Grounds for Refusal.

> Where a creditor refuses a tender of payment as insufficient upon a specified ground he is confined thereto in a suit for an injunction against

him wherein the question of the validity of the tender is involved, the
debtor being ready, able and willing to pay the proper amount then due.

ACTION tried before *Connor, J.,* at April Term, 1919, of HERTFORD.
The action was brought by the plaintiffs to enjoin the sale of land,
under a power contained in a mortgage to secure the sum of $2,000
with interest, which was payable in installments of $500 on 1 January,
1919, and of each succeeding year thereafter until 1 January, 1922,
with interest due annually, and it was provided that in default of the
payment of principal or interest when due, or any part thereof, the
defendant (mortgagee) should have the power to sell for foreclosure.

Defendant, before the maturity thereof, assigned the first note ·to one
Shaw, and this was paid by the plaintiffs, who notified the defendant
thereof, and offered to pay the interest accrued on the other notes. De-
fendant notified plaintiffs that the amount of interest due was $111,
and agreed to wait a few days for its payment. Plaintiffs offered to
pay the accrued interest, or $111, but a dispute arose as to the correct
amount of the interest due on the notes not yet due. On the day of this
transaction (13 January, 1919) there was due on the notes secured by
the mortgage only $90 and interest thereon from 19 October, 1918. At
the time plaintiffs were ready, able and willing to pay the $111, but
the defendant refused to receive it, although he had represented this
to be the correct amount and had agreed to accept payment of it. Plain-
tiffs tendered a check for $120, but this was declined. He demanded
instead that plaintiffs pay the full amount of the principal and interest
on all the notes. This was refused, and he thereupon advertised the
land for sale, and the restraining order was issued. Plaintiffs tendered
the full amount due as interest and have brought $135 into court, where
it is now deposited to await the result of this action.

Judge Connor found the facts substantially as above set forth, and
granted an injunction to the hearing. Defendant appealed.

*W. R. Johnson for plaintiffs.*
*Roswell C. Bridger for defendant.*

WALKER, J., after stating the case: There are only two questions
raised and necessary to be considered:

1. Defendant contends that plaintiffs have sold and conveyed their
equity of redemption to O. L. Joyner, and therefore cannot maintain
this action. This position cannot be sustained. The deed to Joyner
contains full covenants of all the usual kinds, seizin, right to convey,
warranty and against encumbrances. Joyner is a party to this suit.
It is stated in the record that "Joyner has not paid the full purchase

price in cash, the terms for the payment of the balance on same having been made by plaintiffs upon the basis of their notes to defendant."

The plaintiffs have a vital interest in this case, although they may have conveyed their equity of redemption to Joyner. They are still mortgagors and liable on the mortgage debt, and have the right to see that the land brings a fair and full price, and if it is sold under the mortgage Joyner will lose his land, and the plaintiffs will become liable on the covenant against encumbrances in his deed. It seems hardly to need authority for the position that plaintiffs, under those facts, can maintain this action. This question was presented in *Dedrick v. Den Bleyker,* 85 Mich., 475, 482, where the contention was that the mortgagor who had sold and conveyed his equity, with full covenants, to a third party (Dedrick), was not an interested party and could not maintain an action to restrain a foreclosure by the mortgagee, but it was held that not only could this be done, but that the mortgagor and his grantee had a common interest to get rid of the mortgage, and could join as plaintiffs in the suit, if desired, as the grantee of the mortgagor would have a remedy upon the covenants in his deed, if he was compelled to pay the mortgage debt, or if he lost the land by the foreclosure, "they being all full covenant deeds of warranty," as in this case. It is said in 27 Cyc., 1539, that "a suit to restrain the foreclosure of a mortgage may be maintained not only by the mortgagor, but also by any owner of the equity of redemption deriving title from or under him. *Hubbard v. Jasinski,* 46 Ill., 160, also is directly in point.

2. As to the tender of the interest due at the time it was made, the defendant is in no position, under the facts found, to question its sufficiency. He had deceived the plaintiffs as to its amount, and when the latter offered to pay what was due, even the $111, he declined to accept the money, and peremptorily demanded the full payment of principal and interest of the mortgage debt. He was in the wrong throughout the transaction, and it would be grossly inequitable if he were permitted to take advantage of it. The mortgage was given strictly as a security for the debt due to him, and not as means of enabling him to acquire title to the land by a foreclosure, which will be unnecessary and in violation of the plaintiffs' rights under the mortgage. The time for the maturity of the whole debt had not arrived by the terms of the mortgage, and the entire debt will not mature until 1922, if the mortgagor keeps his contract by paying the interest promptly and the installments of the principal as they are due. The defendant's refusal, in advance, to accept the plaintiffs' offer to pay, and his demand of the whole indebtedness, which was not then due, was a waiver of any formal tender of the amount, and his conduct in the matter was clearly one. *Mobley v. Fossett,* 20 N. C., 93; *Abrams v. Suttles,* 44 N. C., 99; *Blalock v. Clark,*

133 N. C., 306; *Bateman v. Hopkins,* 161 N. C., 220; *Gallimore v. Grubb,* 156 N. C., 575; *Gaylord v. McCoy,* 161 N. C., 685. The debtor must be able, ready and willing to pay at the time the money is due, and this was the case here, and he has deposited the money in court to keep his tender good. *Tuthill v. Morris,* 81 N. Y., 94.

It also appears that the defendant, when the offer to pay the accrued interest was made, declined to receive it, not upon the ground that the amount was not sufficient, for he had represented that it was, or that a check was tendered, but for the reason that he had changed his mind and then demanded payment of the whole debt. This being so, he cannot now base his contention upon the ground that the tender was insufficient. He is confined to the reason he gave at the time of the tender. It is said in 38 Cyc., 141: "An objection to the amount of a tender must be made at the time the tender is made, otherwise it is waived; and where the sum tendered is less than the sum due and the tender is refused by the creditor on some ground other than that the amount is too small, as where it is claimed that the contract is forfeited, the tenderee waives the objection to the insufficiency of the amount." See, also, *Ford v. Stroud,* 150 N. C., 362, where more was demanded of the debtor than the creditor had a right to exact, and it was held to be a waiver of the validity of the tender. But here the plaintiffs tendered more than was due.

We adopt the judge's findings of fact, and upon them there is no basis for defendant's contentions.

Affirmed.