BASSETT LUMBER COMPANY v. W. M. RHYNE.

(Filed 15 December, 1926.)

**Judgments—Default—Mechanics' Lien—Judgment Set Aside—Statutes—Meritorious Defense.**

A judgment by default final in favor of material furnishers, etc., for a building erected on the lands of a nonresident owner, by service of summons by publication, may be set aside upon defendant's motion made in two days after he had notice of the pendency of the action, upon a finding of a meritorious defense. C. S., 492. *Burton v. Smith,* 191 N. C., 599, and other cases, cited as controlling.

APPEAL by plaintiff from *Lyon, J.,* at March Term, 1926, of MECKLENBURG.

Civil action instituted by plaintiff, a resident of Mecklenburg County, against the defendant, a nonresident of the State, to enforce a lien for materials furnished and used in the erection of a dwelling-house on a lot of land situate in Mecklenburg County and belonging to the defend-

ant at the time, but which was subsequently sold, by full warranty deed, to other parties. Service of summons was obtained by publication, and judgment by default final, for want of an answer, was entered 23 November, 1925. Execution having issued, the property was duly sold by the sheriff. On 22 March, 1926, two days after the defendant was first notified of the pendency of this action and what had taken place in consequence thereof, a motion was duly filed under C. S., 492 to set aside the judgment and for leave to come in and defend in said action. His Honor allowed the motion after finding that the defendant has a good and meritorious defense, and that the successful bidder at the sheriff's sale under the execution was not a purchaser in good faith. From this order the plaintiff appeals.

*J. L. DeLaney for plaintiff.*
*G. T. Carswell and Joe W. Ervin for defendant.*

STACY, C. J., after stating the case: The judgment must be affirmed on authority of *Burton v. Smith,* 191 N. C., 599, and *Rogers v. Piland,* 178 N. C., 70. It would only be a work of supererogation to state again what has so recently been said in these cases. See, also, *Foster v. Allison Corp.,* 191 N. C., 166, and *Miller v. Dunn,* 188 N. C., 400.

Affirmed.